Judge '< vvsLtr
delivered the opinion.
A‘ the April term. 1817, of the Montgomery circuit ©ourt, lieed recovered, against Williams, judgment of restitution for the laud now in contest ; and on the 25th of April, in that year, caused to he issued froqi the clerk’s office of that court, a writ of execution, directed to the sheriff of that county, commanding him to restore the possession to Reed.
The sheriff accordingly, on the 21st of the same month, delivered the possession to Reed, and at the April term, 1819, of said court, the court on the motion of Francis Berry, who had been turned out of the possession by the sheriff in executing the writ, made an order quashing the writ, tye. After this, and ou the 9tb of November, 1819, Reed caused another writ of restituí ion to be issued from the clerk’s office, and under that writ the sheriff again der livered the possession to Reed.
At a subsequent term of the court, on the motion of Williams, this latter writ was quasiied, and an order made directing the possession to be restored to Williams.
From the order quashing the writ and directing the possession to be restored to Williams, Reed has appealed to this court.
This court perceives no principle on which the decision of the circuit court can be sustained Whilst it ap peared, from the return of tlie sheriff on the first vvrit of restitution, that the judgement recovered by Keed was satisfied, it would certainly have been irregular for Reed to have caused any ether writ o> restitution to issue ; but after the first writ was quashed, the judgment must be admitted to continue in lull force; and to obtain an exe cution of that judgment, Reed was entitled to a writ restitution. It is truetha1 more than one year bad elapsed from the date of the judgmem the issuing of the latter *522 writ'of institution, and generally speaking, after the lapse of one year from the judgment, an execution cannot regularly issue without reviving the judgment by scire facias.
Where an abort ive exe cutior; has issued, the - pl’ff may sue out another, without a sci fa tho* more than a year has passed since the judgment.
But it is not necessary, in all cases, after tbe lapse of one year from the date of the judgment, to cause the judgment to be revived before án execution can issue.— Where an execution has issued within the year, but is not satisfied, it has been held that another execution may issue, after the year, without a revival ; and the reason is equally strong in favor of the issuing of an execution after the expiration of a year from the date of the judgment, where, aS in this Case, an execution issues within the year and after being returned satisfied, the execution and return of tbe Sheriff are quashed at the instance of the defendant Itt the execution.
The judgment must be reversed with cost, the causé remanded and judgment entered in the court beiow according to this opinion. Hardin for appellant.